■ JOSEPH DiIORIO, Appellant, v GIBSON & CUSHMAN OF NEW YORK, INC., Defendant, and GIBSON & CUSHMAN DREDGING CORPORATION, Respondent. [603 NYS2d 120] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 7, 1992, which, inter alia, deemed the judgment in this action satisfied, and order, same court and Justice, entered September 21, 1992, which directed plaintiff's counsel to refund an overpayment of that judgment, unanimously affirmed, with costs. Order and judgment (one paper), same court and Justice, entered May 4, 1993, which, inter alia, adjudged plaintiff's counsel in contempt for failure to make such refund, unanimously affirmed, with costs.

Plaintiff's argument that he is entitled to prejudgment interest is foreclosed by our decision in a prior appeal that he is not (167 AD2d 267, lv dismissed 77 NY2d 986, cert denied sub nom. DiIorio v Gibson & Cushman Dredging Corp., — US —, 112 S Ct 196). Plaintiff's argument that the Clerk erroneously computed the interest on the judgment was abandoned when he failed to perfect an earlier appeal.

With respect to the order and judgment holding plaintiff's attorney in contempt for failing to repay the amounts paid in excess of the judgment, we decline to reach his unpreserved arguments, and note that the court had jurisdiction to enter the order on which the contempt was based, and that the underlying order did not merely award an ordinary money judgment that could have been collected by execution but directed the payment of money from a specified fund. Finally, the imposition of sanctions on appeal is not appropriate. Concur—Sullivan, J. P., Rosenberger, Kupferman and Wallach, JJ.